# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERGIO BARBA, | CASE NO. 1:15-CV-1762-SMS (HC) |
| Petitioner, | ORDER DISMISSING PETITION WITHOUT PREJUDICE |
| v. | |
| FRESNO COUNTY JAIL; FRESNO COUNTY CORIZON MEDICAL, | Doc. 4. |
| Respondents. | |

Petitioner proceeds *in pro se* and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Docs. 1, 3, 4. Petitioner was formerly incarcerated at Fresno County Jail. He has consented to Magistrate Judge jurisdiction. Doc. 5. Petitioner challenges the conditions of his confinement, and not the fact or duration of his confinement; hence, his petition does not state a cognizable claim for federal habeas relief and should be dismissed without prejudice to filing a civil rights action.

**I.     SCREENING STANDARD**

Under 28 U.S.C § 1915(e)(2), the Court must screen all complaints brought *in forma pauperis* or by prisoners. *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000).  Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of the Rules Governing Section 2254 Cases.

**II.     HABEAS CORPUS AND CIVIL RIGHTS**

Petitioner challenges the conditions of his confinement. Challenges to the conditions of

prison life are properly brought in a civil rights action under 42 U.S.C. § 1983. *McCarthy v. Bronson*, 500 U.S. 136, 142 (1991). A federal petition for writ of habeas corpus concerns whether a petitioner is in custody in violation of the Constitution. 28 U.S.C. § 2254(a). "Habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983." *Preiser v. Rodriguez*, 411 U.S. 475, 488-89 (1973). A plaintiff may not seek both types of relief in a single action. *See Heck v. Humphrey*, 512 U.S. 477, 487-88 (1994); *Preiser*, 411 U.S. at 498-99 n. 15; *Young v. Kenny*, 907 F.2d 874 (9th Cir. 1990), *cert. denied sub nom Bressman v. Farrier*, 498 U.S. 1126 (1991); *Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases*. A federal court has discretion to construe a mislabeled habeas corpus petition as a civil rights action and permit the action to proceed as such. *See Wilwording v. Swenson*, 404 U.S. 249, 251 (1971) (per curiam) (state prisoners' habeas petitions, which challenged their living conditions and disciplinary measures and did not seek release, could be read to plead § 1983 claims).

Here, the petition is drafted on a form habeas petition, but it exclusively concerns conditions of confinement. Petitioner specifies that he was admitted to Fresno County Jail in August 2015 and had advised the medical screening personnel that he had injuries to his shoulder, back, and spine. Doc. 4. Fifty-one days passed before he was seen by a physician and receive medication to address the pain. Petitioner alleges that he was to be released on February 15, 2016. Doc. 6. Challenges to prison conditions are properly brought in a civil rights complaint under § 1983 and not a habeas petition under § 2254. The Court has discretion to construe the petition as a civil rights action; however, Petitioner is no longer in custody and it is not clear whether he complied with all procedural requirements prior to bringing this action. Hence, the Court will not convert the habeas petition into a civil rights complaint, but will dismiss the petition without prejudice to filing a civil rights action.

### III.   APPEALABILITY

For the reasons set forth above, Petitioner has not shown "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right [or] that

jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Hence, the Court will decline to issue a certificate of appealability.

## IV. ORDER

For the foregoing reasons, it is hereby ORDERED that the petition be DISMISSED without prejudice. The Court declines to issue a certificate of appealability.

The Clerk is directed to provide Petitioner with a civil rights complaint form.

IT IS SO ORDERED.

Dated: **March 2, 2016**       **/s/ Sandra M. Snyder**
UNITED STATES MAGISTRATE JUDGE